# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

Progressive Mountain Insurance Company,

          Petitioner,

v.

MJ Night Rider Transport LLC, et al.,

          Respondents.

_____/

Case No. 1:18-cv-03104

Michael L. Brown
United States District Judge

## **OPINION & ORDER**

Petitioner Progressive Mountain Insurance Company ("Progressive") seeks a declaratory judgment from the Court decreeing that it has no obligations to Respondents under an auto insurance policy and moves for summary judgment. The only Respondent to engage in this litigation, MJ Night Rider Transport, LLC ("Night Rider"), contends the Court has no subject matter jurisdiction over this action because no justiciable case or controversy exists. The Court agrees, denies Petitioner's motion for summary judgment, and dismisses this action without prejudice for lack of standing.

## I. Background Facts

Respondent Night Rider is an auto transport company. (Dkt. 20-3 ¶ 1.)[1] In 2017, Respondent Night Rider owned a Dodge Ram truck and automotive transport trailer. (*Id.* ¶ 2.) It insured both through an auto insurance policy with Petitioner Progressive. (*Id.* ¶ 3.) Night Rider allowed no one to use the truck for personal errands, only for transportation jobs. (*Id.* ¶ 6.) When not being used for business, Night Rider kept it at a storage facility. (*Id.* ¶ 5.)

In June 2017, Respondent Mackenzie Minter drove the truck (without the trailer) to a gas station to meet Respondent Janelle Jordan and exchange custody of their minor son. (*Id.* ¶¶ 7–8.) He was not working for Night Rider at the time. (*Id.* ¶ 2.) Respondent Alohondro Custis was with Jordan. (*Id.* ¶ 10.) Jordan and Minter began arguing in the parking lot, causing Custis to get out of Jordan's car and begin arguing with Minter. (*Id.* ¶¶ 11–12.) Minter got back in the truck and intentionally drove the truck at Custis. (*Id.* ¶ 12.) He hit Custis and

---

[1] Respondent Night Rider admits each of Petitioner's undisputed material facts. (Dkt. 23.)

then drove into Jordan's vehicle, hurting her and damaging her car. (*Id.* ¶ 13.)

Minter had driven the truck for Night Rider at other times but had no permission to drive it to that gas station. (*Id.* ¶ 15.) He was on personal business. (*Id.* ¶¶ 17–19.) Night Rider admits Minter's use of the vehicle "was not authorized, not with permission, and was not a use connected with the business of" MJ Night Rider Transport, LLC. (Dkt. 23 at 2.) It further admits that Minter was engaged in an intentional criminal act when he struck Custis and ran into Jordan's car. (*Id.*)

Petitioner filed this petition for a declaratory judgment under 28 U.S.C. § 2201 that it need not provide coverage or indemnification to Night Rider or Minter for any injury or damage arising from Minter's actions. (Dkt. 1 ¶ 8.) Respondent Night Rider timely filed its answer, contending that "no actual controversy exists between it and the Petitioner." (Dkt. 7 at 1.) Respondent Night Rider, however, did not move to dismiss. None of the individual Respondents answered the complaint, and the Clerk entered default against them. (Dkt. 17.) The Court ordered the parties to file supplemental notice properly listing the citizenship of each member of all LLC parties so it could assess diversity

of citizenship. (Dkt. 18.) The parties complied, and the Court found all parties diverse.[2] (Dkts. 19; 21–22.)

Petitioner moved for summary judgment. (Dkt. 20.) Respondent Night Rider responded, accepting Petitioner's statement of facts but arguing the Court must dismiss the complaint because no actual or justiciable controversy exists. (Dkt. 23 at 6–7.) Petitioner did not reply. The individual Respondents remain in default and had no involvement in the case.

## II. Legal Standard

"Any time doubt arises as to the existence of federal jurisdiction, [district courts] are obliged to address the issue before proceeding further." *Atlanta Gas Light Co. v. Aetna Cas. & Sur. Co.*, 68 F.3d 409, 414 (11th Cir. 1995). Constitutional standing is "a threshold jurisdictional question which must be addressed prior to and

---

[2] The Court's finding of diversity of citizenship in its prior order does not affect its current holding that it lacks jurisdiction. (*See* Dkt. 22 at 3.) The Court's previous decision did not address whether a justiciable case or controversy exists. Nothing in its prior order prevents the Court from dismissing this matter for lack of standing. *See A&M Gerber Chiropractic LLC v. GEICO Gen. Ins. Co.*, 925 F.3d 1205, 1210 (11th Cir. 2019) ("Standing cannot be waived or conceded by the parties, and it may be raised (even by the court *sua sponte*) at any stage of the case.").

4

independent of the merits of a party's claims." *Dillard v. Chilton Cty. Comm'n*, 495 F.3d 1324, 1330 (11th Cir. 2007); *see also Atlanta Gas Light Co.*, 68 F.3d at 413 (vacating and remanding for dismissal when "district court made no determination as to the existence of a justiciable case or controversy [yet] proceeded to address the merits of the summary judgment motions").

## III. Discussion

"Article III of the Constitution limits federal courts to adjudicating actual 'cases' and 'controversies.'" *A&M Gerber Chiropractic, LLC v. GEICO Gen. Ins. Co.*, 925 F.3d 1205, 1210 (11th Cir. 2019). And "[d]istrict courts may consider declaratory judgment suits [under the Declaratory Judgment Act] only where a 'definite and concrete' controversy exists." *Owners Ins. Co. v. Parsons*, 610 F. App'x 895, 896–97 (11th Cir. 2015) (citing *Miccosukee Tribe of Indians of Fla. v. Kraus–Anderson Constr. Co.,* 607 F.3d 1268, 1275 n.14 (11th Cir. 2010)); *see* 28 U.S.C. § 2201 (providing that a court may issue a declaratory judgment "[i]n a case of actual controversy within its jurisdiction").

As part of this case-or-controversy requirement, a plaintiff must establish that he has "standing" to invoke the power of a federal court to

5

decide the merits of a particular dispute. *See Malowney v. Fed. Collection Deposit Grp.,* 193 F.3d 1342, 1346 (11th Cir. 1999). "The failure to establish standing can deprive a federal court of jurisdiction." *Esteves v. SunTrust Banks, Inc.*, 615 F. App'x 632, 635 (11th Cir. 2015) (internal quotation marks omitted).

To establish Article III standing, a "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). At a minimum, therefore, a plaintiff must "show . . . that he has suffered an injury in fact—some harm to a legal interest that is *actual or imminent,* not conjectural or hypothetical." *Bowen v. First Family Fin. Servs., Inc.,* 233 F.3d 1331, 1339 (11th Cir. 2000) (internal quotation marks omitted). "[O]nly when he alleges facts from which it appears there is a *substantial likelihood* that he will suffer injury in the future" will a plaintiff have standing to seek declaratory relief. *Id.* at 1340 (emphasis added). An allegation of a possibility that future injury may occur "is not sufficient to satisfy the actual controversy requirement for declaratory judgments."

6

*Malowney,* 193 F.3d at 1347 (internal quotation marks omitted). Even so, "[n]o bright line rule exists for distinguishing 'between declaratory-judgment actions that satisfy the case-or-controversy requirement and those that do not.'" *Parsons*, 610 F. App'x at 898 (citing *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007)).

Petitioner filed its petition for declaratory judgment "as an anticipatory maneuver designed to preempt whatever actions" any Respondents may theoretically take in the future. *See Atlanta Gas Light Co.*, 68 F.3d at 415. Such a request of the Court, however, is an advisory opinion of sorts, which district courts may not render. *See Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227, 241 (1937) (holding that the "controversy" must be "a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts").

In both its complaint and its statement of material facts, Petitioner failed to allege a likelihood that it will suffer an injury in the future, let alone a substantial likelihood. Petitioner makes no claims that Respondents have already filed or intend to file a claim against it for

7

insurance proceeds. The complaint does not explain how the individual Respondents might try to seek indemnification from Petitioner. In fact, Petitioner all but disclaims any possibility that such a future injury may occur: it merely "anticipates" that Respondents may contest its position, without providing any factual basis to support that belief. (Dkt. 1 ¶ 9.) This is insufficient to show a substantial likelihood of an imminent injury.

Respondent Night Rider admits in its answer, in its response to the motion for summary judgment, and in an examination under oath of its CEO that it has no claim to any insurance money from the incident. (Dkts. 7 at 2; 21-4 at 10; 23 at 2.) The facts in the record do not support a plausible inference that such a claim is imminent. In fact, none of the counts in the complaint mention Respondents Jordan and Custis or why Petitioner seeks a declaration against them. Any injury Petitioner alleges is strictly conjecture. *See Malowney*, 193 F.3d at 1347 (finding no standing in declaratory judgment action where only a "remote possibility that a future injury may happen"). Petitioner has thus failed to show "an actual or imminent invasion of a legally protected interest for purposes of the injury-in-fact requirement." *Esteves*, 615 F. App'x at 636 (internal

quotation marks omitted). And as the Eleventh Circuit has noted: "a 'perhaps' or 'maybe' chance" of an injury "in the future . . . is not enough to . . . [establish] standing" for prospective declaratory relief. *Bowen*, 233 F.3d at 1340.

The complaint also contains no allegations about how receiving a declaratory judgment will redress any potential injury. This is unsurprising given that Petitioner has shown no imminent injury beyond its "anticipation" that Respondents may contest its position and thus any potential redressability is mere speculation. This is too abstract to establish that a favorable decision would likely redress the injury — a required element of constitutional standing. *See Esteves*, 615 F. App'x at 636.

Petitioner has the burden "to clearly and specifically set forth facts sufficient to satisfy" Article III standing requirements. *Id.* at 635 (quoting *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 976 (11th Cir. 2005)). When the record fails to show such standing, as it does here, the Court "lacks the power to create jurisdiction by embellishing a deficient allegation of injury." *Bochese*, 405 F.3d at 976. The Court thus dismisses Petitioner's petition without prejudice for lack of jurisdiction.

## IV. Conclusion

The Court **DENIES** Petitioner Progressive Mountain Insurance Company's Motion for Summary Judgment (Dkt. 20) and **DISMISSES without prejudice** Petitioner's declaratory judgment action for lack of standing.

**SO ORDERED** this 3rd day of October, 2019.

MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE